IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THOMAS F. FARRIS                                            PLAINTIFF

v.                             CIVIL NO. 09-5206

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                  DEFENDANT

**MEMORANDUM OPINION**

       Plaintiff, Thomas F. Farris, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") dismissing his claim for Title II disability insurance benefits ("DIB"). Defendant has filed a motion to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. #9). Plaintiff has filed no response.

**Procedural History:**

       On November 27, 2007, Plaintiff protectively filed an application for DIB. (Doc. #9, Ex. 4). Benefits were denied both initially and on reconsideration. (Doc. #9, Ex. 5). On May 1, 2008, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Doc. #9, Ex. 1). A hearing was scheduled for May 20, 2009, at which time Plaintiff appeared, along with counsel, and formally withdrew his request for a hearing. (Doc. #9, Ex. 2-4). In a statement signed by Plaintiff and attorney Stephanie Mays, Plaintiff related the following:

> Claimant withdraws his request for [a] hearing before the Administrative Law Judge and understands no disability benefits are payable on the application for disability filed protectively [on] 11-27-2007.

(Doc. #9, Ex. 4). At this time, Plaintiff was fully advised of the effects of this action, including the fact that dismissal would reinstate the reconsideration decision denying Plaintiff benefits. As a

result, on May 27, 2009, the ALJ dismissed Plaintiff's request for a hearing pursuant to 20 C.F.R. § 404.957(a). (Doc. #9, Ex. 5). Plaintiff subsequently filed a Request for Review on July 8, 2009, asserting that the ALJ used the receipt of unemployment benefits to deny Plaintiff an opportunity for a hearing.[1] (Doc. #9, Ex. 6). On August 5, 2009, the Appeals Council denied Plaintiff's request. (Doc. #9, Ex. 7). Plaintiff now seeks review of that decision.

In his motion, the Commissioner asserts that Plaintiff's complaint should be dismissed due to lack of subject matter jurisdiction, or, alternatively, for failure to state a claim upon which relief can be granted. (Doc. #9). Specifically, the Commissioner asserts that Plaintiff's case should be dismissed because: (1) there was no final decision on the merits; and (2) Plaintiff failed to exhaust his administrative remedies prior to seeking judicial review by this court. (Doc. #9).

**<u>Discussion</u>:**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made *after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Therefore, the predominant issue is whether the actions taken by the Commissioner in this case constitute a "final decision."

---

[1] The court finds no merit in this contention.

A final decision is "something more than a codification of the judicially developed doctrine of exhaustion." *Weinberger*, 422 U.S. at 766. Only when a claimant has completed all of the steps of the administrative review process has the Secretary made his final decision. *Shinn by Shinn v. Sullivan*, 915 F.2d 1186, 1187 (8th Cir. 1990). According to 20 C.F.R. § 416.1400(a), the "necessary steps" of the administrative process include an initial determination, reconsideration, a hearing before an ALJ, and review by the Appeals Council.

The Social Security Act precludes general federal subject matter jurisdiction until all administrative remedies have been exhausted. *Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992). In *Weinberger*, the Supreme Court stated:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

422 U.S. at 765.

In the instant case, the court finds that Plaintiff failed to exhaust his administrative remedies by withdrawing his request for a hearing. The court finds merit in the Commissioner's argument that allowing judicial review in this instance would effectively permit a claimant to bypass the administrative process without the necessity of presenting his case before an ALJ and obtaining a final decision on the merits. Furthermore, the plain language of 42 U.S.C. § 405(g) contemplates "a final decision of the Commissioner made after a hearing." For these reasons, the Defendant's motion is hereby granted and the clerk is ordered to dismiss Plaintiff's complaint.

IT IS SO ORDERED this 2nd day of February 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE